IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **KEVIN DWIGHT BANISTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 2:23-cv-30-RAH-CWB |
| | ) |
| | ) |
| **ALABAMA DEPARTMENT** | ) |
| **OF CORRECTIONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at the Elmore Correctional Facility, recently initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). However, Plaintiff failed to submit either the $350.00 filing fee or the $52.00 administrative fee. Plaintiff instead filed an application for leave to proceed *in forma pauperis*. (Doc. 2).

By Order entered January 18, 2023, Plaintiff was directed to submit an inmate account statement reflecting both the average monthly balance in his account and the average monthly deposits to his account for the 6-month period immediately preceding the filing of the Complaint. (Doc. 4). Upon review of the submitted information (Doc. 5), the court issued an Order requiring Plaintiff to remit the sum of $81.01 to the Clerk of Court as an initial partial filing fee no later than February 15, 2023. (Doc. 6 at p. 2). The Order specifically informed Plaintiff that a failure to pay the initial partial filing fee would result in a recommendation that the action be dismissed. Plaintiff further was informed that if he were unable to pay the initial partial filing fee in the time allowed, he must inform the court and request an extension. (Doc. 6 at pp. 2-3).

Despite the court's instructions, Plaintiff did not remit the required sum or request additional time for doing so. The court construes Plaintiff's failure as reflecting a lack of interest in the continued prosecution of the action, which cannot proceed absent Plaintiff's participation. Under the circumstances presented, where Plaintiff has exhibited a willful failure to comply with the court's instructions, the undersigned finds that lesser sanctions than dismissal would not be appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order is not an abuse of discretion where litigant had been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. … The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by March 20, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 6th day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**